IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

WELLS FARGO BANK, N.A.,

    Plaintiff,

    v.

JOHN SCARLETT, et al.,

    Defendants.

CIVIL NO.: WDQ-12-3694

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Wells Fargo Bank, N.A. ("Wells Fargo") sued John Scarlett and Linda Stine[1] for several claims arising out of a deed of trust securing 301 Piedmont Court, Ocean Pines, Maryland (the "Property"). Stine counterclaimed for debt collection violations. Pending is Wells Fargo's motion to dismiss the counterclaim. For the following reasons, the motion to dismiss will be granted.

I. Background[2]

On April 18, 2006, Scarlett agreed to purchase the Property from Ronald and Anne Webb. ECF Nos. 1 ¶ 1, 10 ¶ 1. Scarlett obtained a purchase money loan for the Property from Wells Fargo

---

[1] Wells Fargo also sued Ocean Pines Association, Inc. On March 11, 2013, the Court entered consent judgment against Ocean Pines. ECF No. 21.

[2] For a motion to dismiss for failure to state a claim, the well-pled allegations in the counterclaim are accepted as true. See *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir.2011).

secured by a deed of trust. ECF Nos. 1 ¶ 7, 10 ¶ 7. RGS Fountainhead Title ("RGS")[3] conducted the closing of the sale. *See* ECF Nos. 1 ¶ 3, 10 ¶ 3. Although Stine was named a grantee on the deed, she was not named in the contract, purchase money loan, or the deed of trust. ECF Nos. 1 ¶¶ 1, 2, 7; 10 ¶¶ 1, 2, 7; *see* ECF No. 11 ¶¶ 1-3.

At some point,[4] Wells Fargo and RGS "embarked on a course of conduct through telephone calls and emails to harass and intimidate Stine to coerce her to sign over her undivided one-half interest in the Property." ECF No. 11 ¶ 7. Through RGS, Wells Fargo "threatened Stine with adversarial legal action that would adversely affect Stine's credit." *Id.* ¶ 8.

On December 17, 2012, Wells Fargo filed suit for (1) declaratory judgment declaring that the deed of trust is a first-priority lien on the entire property, (2) an equitable mortgage on the Property, (3) unjust enrichment, (4) equitable subrogation, (5) reformation of the deed of trust to name Stine as a grantor, and (6) breach of contract. On January 30, 2013, Stine answered and counterclaimed against Wells Fargo for violations of the federal Fair Debt Collection Practices Act[5]

---

[3] RGS is now known as RGS Title of Baltimore, LLC. ECF No. 11 ¶ 6.

[4] Stine has not alleged any dates. *Cf.* ECF No. 11.

[5] 15 U.S.C. §§ 1692 *et seq.*

("FDCPA") and the Maryland Consumer Debt Collections Act[6] ("MCDCA").[7] ECF Nos. 10, 11. On February 5, 2013, Wells Fargo moved to dismiss the counterclaim. ECF No. 14. On February 20, 2013, Stine opposed the motion, ECF No. 16, and on March 4, 2013, Wells Fargo replied, ECF No. 19.

II. Analysis

    A.    Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a counterclaim, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to

---

[6] Md. Code Ann., Com. Law §§ 14-201 *et seq.*

[7] That day, Stine also filed a third-party complaint against RGS. ECF No. 12. On February 28, 2013, RGS answered. ECF No. 17.

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The counterclaim must not only allege but also "show" that the counter-plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the [counterclaim] has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B.  Wells Fargo's Motion

Wells Fargo seeks dismissal of the counterclaim because (1) it is not a debt collector under the FDCPA or MCDCA, (2) RGS is not Wells Fargo's agent, and (3) Stine's "threadbare" allegations do not plausibly state claims. ECF No. 14-1. Stine has responded directly only to the agency argument. ECF No. 16.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of

4

any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This definition excludes any person "attempting to collect any debt owed or due or asserted to be owed or due another to the extent the activity . . . concerns a debt which was originated by such person [or] concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(ii)-(iii). Creditors and mortgagees are within this exclusion. See Givens v. Citimortgage, Inc., Civ. No. PJM-10-1249, 2011 WL 806463, at *2 (Feb. 28, 2011).

Regardless of whether Stine actually owes Wells Fargo anything on the loan, it is undisputed that Wells Fargo is the originator and held the loan before it became delinquent. See ECF Nos. 1 ¶ 7, 10 ¶ 7. Accordingly, Stine's claim is not covered by the FDCPA and must be dismissed. See 15 U.S.C. § 1692a(F); Givens, 2011 WL 806463, at *2.

The MCDCA does not have an exclusion for originators. Under the MCDCA, "'[c]ollector' means a person collecting or attempting to collect an alleged debt arising out of a consumer transaction." Md. Code Ann., Com. Law § 14-201(b). Wells Fargo asserts that Stine has alleged attempted perfection of a security interest rather than collection of a debt. See ECF No. 14-1 at 5.

Under Maryland law, a security interest in real property secures either a debt or performance of an obligation. *See* Md. Code Ann., Real Prop. § 1-101(d) (defining deed of trust). There is no allegation that Stine owes an obligation to Wells Fargo. Instead, Wells Fargo is attempting to expand the deed of trust to encompass Stine's interest in the Property because its loan was used to purchase the Property. *See* ECF No. 16 ¶¶ 3, 5. Because there is no personal obligation to be secured by the deed of trust, Wells Fargo is attempting to enforce the debt that it alleges Stine owes. It was acting as a collector under the MCDCA.[8]

Wells Fargo next asserts that Stine has not stated a claim against it because she has not sufficiently alleged that RGS was

---

[8] *See* Md. Code Ann., Com. Law § 14-202(8) (prohibiting "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist); *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 463-64 (D. Md. 2013) (analyzing MCDCA claim about allegedly improper foreclosure under § 14-202(8)); *see also Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376-77 (holding that foreclosure is a debt collection activity under the FDCPA). Other than its argument that Stine has only alleged the elements of the statute--and thus not plausibly alleged a claim--Wells Fargo does not assert that Stine has failed to allege an act prohibited by the MCDCA. *Cf.* ECF No. 14-1 at 7-8.
 In support of its contention, Wells Fargo relies on *Khepera-Bey v. Santander Consumer USA, Inc.*, No. WDQ-11-1269, 2012 WL 1965444 (D. Md. May 30, 2012), in which the Court held that a recovery company was not a debt collector. ECF No. 14-1. In this case, Wells Fargo holds the debt and is trying to get security for it. *See* ECF Nos. 1 ¶ 7, 10 ¶ 7, 16 ¶ 3. Accordingly, *Khepera-Bey* is distinguishable.

Wells Fargo's agent. ECF No. 14-1 at 6. Stine asks the court to infer an agency relationship. *See* ECF No. 16 at 4.

Stine has alleged only her conclusion that RGS was Wells Fargo's agent, and Wells Fargo acted through RGS. *See* ECF No. 11 ¶¶ 8, 9, 12. "Whe[n] a plaintiff's claim is dependent upon the existence of an agency relationship, the plaintiff has the burden of proving such a relationship, including its extent." *Proctor v. Metropolitan Money Store Corp.*, 579 F. Supp. 2d 724, 735 (D. Md. 2008).

Under Maryland law, courts look at three factors to determine an agency relationship: whether "(1) the agent is subject to the principal's right of control; (2) the agency has a duty to act primarily for the benefit of the principal; and (3) the agent has the power to alter the legal relations of the principal." *Brooks v. Euclid Sys. Corp.*, 827 A.2d 887 (Md. Ct. Spec. App. 2003). These factors are neither essential nor exclusive but "should be viewed within the context of the entire circumstances of the transaction or relations." *Green v. H&R Block, Inc.*, 735 A.2d 1038, 1049 (Md. 1999). Stine has not alleged facts that show any of these factors for finding agency.[9]

---

[9] The Court notes that Wells Fargo alleged that "RGS was instructed and required by Wells Fargo to obtain the signatures of all grantees prior to closing." ECF No. 1 ¶ 7. Although Stine admitted the rest of this paragraph, she specifically stated that she had no knowledge of Wells Fargo's instructions. ECF No. 10 ¶ 7. Even if this allegation showed Wells Fargo's

7

As she has not alleged any direct violations of the MCDCA by Wells Fargo, that claim will be dismissed. The motion will be granted.[10]

III. Conclusion

For the reasons stated above, Wells Fargo's motion to dismiss Stine's counterclaim will be granted.

_____8/13/13_____
Date

_____/s/_____
William D. Quarles, Jr.
United States District Judge

---

right to control RGS, there are no allegations about the other two factors.

[10] Stine also asserts that if her counterclaim does not state a claim, she should be permitted discovery to further develop her claims. ECF No. 16 at 5. The relevant inquiry on a motion to dismiss for failure to state a claim is limited to whether the complaint adequately states claims for which relief may be granted, not whether the claim can be proven. See Presley, 464 F.3d at 483. Rule 8 "does not unlock the doors of discovery for a plaintiff"--she must state a plausible claim for relief before she is entitled to discovery. Iqbal, 556 U.S. at 678-79. Accordingly, Stine's request for discovery does not justify denying the motion to dismiss.